HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ERICA URENDA, et al., <br><br> Defendants. | CASE NO. C12-607RAJ <br><br> ORDER |

This matter comes before the court on the motion of Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") for default judgment. Dkt. # 24. For the reasons stated herein, the court GRANTS the motion, but substantially reduces the judgment Joe Hand requests. The court directs the clerk to enter default judgment in favor of Joe Hand and to TERMINATE this case.

Joe Hand has an exclusive license to sell Ultimate Fighting Championship ("UFC") programming for pay-per-view broadcast over satellite television. According to the complaint, Defendants Erica and Daniel Urenda, who own (or owned) a small hamburger restaurant in Seattle, showed a pay-per-view UFC bout in April 2010 without paying Joe Hand. Two private investigators observed between two and eight people (in a restaurant that seats no more than 32 patrons) inside the restaurant during the bout.

The clerk has entered the default of both Defendants. What remains is Joe Hand's request for a default judgment in the principal amount of $60,000, plus attorney fees and costs totaling about $2400.

ORDER – 1

In considering a motion for default judgment, a court accepts all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("Clearly, the decision to enter a default judgment is discretionary."). The court may also "conduct hearings or make referrals" to "establish the truth of any allegation by evidence," or "investigate any other matter" relevant to the request for default judgment. Fed. R. Civ. P. 55(b)(2); *see also* Local Rules W.D. Wash. CR 55(b)(2) ("The court may conduct such hearing or inquiry upon a motion for entry of judgment by default as it deems necessary under the circumstances of a particular case."). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(C). Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Joe Hand invokes 47 U.S.C. § 605, which gives a civil action to "[a]ny person aggrieved" by an unauthorized display of broadcast communications, including satellite television. *See* 47 U.S.C. § 605(e)(3) (creating private right of action), § 605(a) (describing prohibited practices); *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (clarifying that satellite television signals are within the scope of § 605(a)). A plaintiff invoking § 605(e) can recover either actual damages or statutory damages. Statutory damages for a violation of § 605(a) are "not less than $1,000 or more than $10,000, as the court considers just," and the court has discretion to increase that award by up to $100,000 if it finds that the "violation was committed willfully and for purposes

ORDER – 2

of direct or indirect commercial advantage or private financial gain . . . ."
§ 605(e)(3)(C)(i)(II), § 605(e)(3)(C)(ii).

Joe Hand requests a judgment in excess of $60,000 for the illegal display of a single program to a "crowd" that never numbered more than 8 people and that, at maximum, could have been 32 people.  The evidence does not reveal if any of the 8 people were actually watching the bout.  The court suggests no approval of satellite piracy, but a request for $60,000 in statutory damages in these circumstances is plainly excessive.

A review of case law suggests that Joe Hand is well aware that federal courts have taken a dim view of its requests for large statutory damage awards in similar circumstances.  *See*, *e.g.*, *Joe Hand Promotions, Inc. v. Phillips*, No. C11-3837SI, 2012 U.S. Dist. LEXIS 28118, at *3-4 (N.D. Cal. Mar. 2, 2012) (awarding $5,000 in damages, whereas Joe Hand had requested $100,000); *Joe Hand Promotions, Inc. v. Leon*, NO. 1:06-CV-1180-JOF, 2007 U.S. Dist. LEXIS 81054, at *6-8 (N.D. Ga. Oct. 31, 2007) (awarding $10,000, whereas Joe Hand had requested $110,000); *J&J Sports Prods., Inc. v. Garcia*, No. 1:12-cv-366-LJO-SMS, 2012 U.S. Dist LEXIS 143457, at *10-15 & n.1 (E.D. Cal. Oct. 3, 2012) (surveying decisions, including at least 10 in cases that Joe Hand brought).

Under these circumstances, the court finds that a § 605(e)(3)(C)(i)(II) award of $1,000 and a § 605(e)(3)(C)(ii) award of $1,500 is appropriate in light of Plaintiffs' willful action for miniscule financial gain.  The court also awards Joe Hand attorney fees of $1500 and costs of $882.  The clerk shall enter judgment for these amounts.

DATED this 26th day of March, 2013.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3